# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL A. CARPENTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-1112-SHM-tmp |
| A.W. PONDS, | ) |
| Defendant. | ) |

## ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On July 30, 2021, Michael A. Carpenter, Tennessee Department of Correction (the "TDOC") prisoner number 464450, who is presently incarcerated at the Bledsoe County Correctional Complex (the "BCCC"), filed a *pro se* civil complaint and Carpenter's trust fund account statement.[1] (ECF Nos. 1 & 2.) On August 9, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the $350 filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").

Carpenter's complaint arises from his confinement at the SCCF in June of 2021. (ECF No. 1 at PageID 2-6.) Carpenter alleges that the SCCF permits inmates to teach at Bible study that "God doesn't have a problem with homosexual relationships." (*Id*. at PageID 3.) When Carpenter

---

[1] At the time Carpenter filed his complaint, he was confined at the South Central Correctional Facility (the "SCCF") in Clifton, Tennessee. (*See* ECF No. 1-1 at PageID 7.) On October 1, 2021, Carpenter notified the Court that he had been transferred from the SCCF to the BCCC. (ECF No. 6; *see also* https://apps.tn.gov/foil/details.jsp (Carpenter is presently confined at the BCCC according to the TDOC Felony Offender Information website).)

posted a Bible verse, purportedly expressing a contrary view, on Carpenter's cell door, Assistant Warden Ponds told him to remove the sign. One week later, Ponds dismissed Carpenter from a rehabilitation program and issued a disciplinary charge against Carpenter. Carpenter was relocated to a violent-offenders unit at the SCCF, where he was assaulted by four gang members. (*Id*. at PageID 2-6 (collectively, the "June 2021 Events").) The complaint asserts claims for: (1) violation of Carpenter's First Amendment right to free exercise of religion; (2) violation of Carpenter's First Amendment right of free speech; (3) housing assignment misclassification; (4) failure to protect Carpenter from sexual assault by fellow inmates; (5) false disciplinary report; (6) deprivation of Carpenter's property or liberty interest to participate in a government-funded drug and alcohol rehabilitation program; and (7) violation of TDOC policy governing sexual relationships. (*Id*.) The complaint sues Assistant Warden Ponds of the SCCF. (*Id*.) The complaint does not identify the relief that Carpenter seeks.

On January 10, 2022, Carpenter filed an amended complaint that re-alleges the facts of, and provides additional details about, the June 2021 Events. (ECF No. 8 at PageID 29-34.) The amended complaint asserts claims for: (1) deprivation of Carpenter's First Amendment right to freedom of speech; (2) deprivation of Carpenter's First Amendment right to "Freedom of Expression"; (3) retaliation; (4) "deliberate indifference under the Eighth Amendment"; and (5) "state law claims if any." (*Id*. at PageID 28.) The amended complaint sues: (1) Assistant Warden Ponds, in his official and individual capacities; (2) CoreCivic; and (3) "etc." (*Id*. at PageID 28-29.) The amended complaint seeks: (1) a declaratory judgment; (2) $3,000,000 in compensatory damages; and (3) $1,000,000 in punitive damages. (*Id*. at PageID 35-37.)

Before the Court is the issue of proper venue for Carpenter's claims.

Unless a different federal law provides otherwise, 28 U.S.C. § 1391 governs the proper venue of any civil action brought in federal court. Section 1391 states: "[T]his section shall govern the venue of *all* civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1) (emphasis added). The statute authorizes the commencement of a federal civil action only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Carpenter's complaint and amended complaint have no connection with the Western District of Tennessee. Carpenter expressly alleges that the conduct relevant to his claims occurred at the SCCF. (ECF No. 1 at PageID 1; ECF No. 8 at PageID 29.) The SCCF is in Clifton, Tennessee. (*See* https://www.tn.gov/correction/sp/state-prison-list/south-central-correctional-facility.html.) Clifton is located in Wayne County, Tennessee, which is part of the Columbia Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(3). Under 28 U.S.C. § 1391(b), venue is proper in the Middle District of Tennessee because the events giving rise to this lawsuit occurred in that District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because Carpenter should have filed this action in the Columbia Division of the Middle District of Tennessee, the

3

Court TRANSFERS this case, pursuant to 28 U.S.C. § 1406(a), to the Columbia Division of the United States District Court for the Middle District of Tennessee.

Because this action is being transferred to the Middle District of Tennessee, the matter of Carpenter's requests for appointment of counsel will be left for the receiving court. (*See* ECF No. 1 at PageID 1-2; ECF No. 5; ECF No. 8 at PageID 31; and ECF No. 9.)

The Clerk is directed to CLOSE this case without entry of judgment.

SO ORDERED, this 19th day of April, 2022.

        /s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE